IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUTERIA CUELLAR, individually and on behalf of all those similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:17-cv-1088 |
| A PLUS FAMILY CARE, LLC, | § § | |
| Defendant. | § § | |

_____

**DEFENDANT A PLUS FAMILY CARE, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES**
_____

Defendant A Plus Family Care, LLC files this Answer and Affirmative Defenses to Plaintiff's claims under the Fair Labor Standards Act and shows the following:

**Answer**

The allegations in Plaintiff's Original Collective Action Complaint hereinafter referred to as "Plaintiff's Complaint") are hereinafter answered in correspondingly numbered Paragraphs:

1.1     Defendant admits the allegations in Paragraph 1.1 of Plaintiff's Complaint.

1.2     Defendant admits Defendant has employed caregivers, including Plaintiff, since January 1, 2015. Defendant denies the remaining allegations in Paragraph 1.2 of Plaintiff's Complaint.

1.3     Defendant admits the allegations in Paragraph 1.3 of Plaintiff's Complaint.

2.1     Defendant admits the allegations in Paragraph 2.1 of Plaintiff's Complaint.

2.2     Defendant admits the allegations in Paragraph 2.2 of Plaintiff's Complaint.

2.3     Defendant admits the allegations in Paragraph 2.3 of Plaintiff's Complaint.

3.1     Defendant denies, as drafted, the allegations in Paragraph 3.1 of Plaintiff's Complaint.

3.2     Defendant admits the allegations in Paragraph 3.2 of Plaintiff's Complaint.

3.3     Defendant denies the allegations in Paragraph 3.3 of Plaintiff's Complaint.

3.4     Defendant admits that it has employees, that it has had gross annual sales in excess of $500,000, and that Plaintiff has communicated with Defendant through the use of a telephone.  Defendant denies the remaining allegations in Paragraph 3.4 of Plaintiff's Complaint.

3.5     Defendant admits that Plaintiff was employed as a caregiver.  Defendant denies the remaining allegations in Paragraph 3.5 of Plaintiff's Complaint.

3.6     Defendant admits that Plaintiff was an employee employed by Defendant. Defendant denies the remaining allegations in Paragraph 3.6 of Plaintiff's Complaint.

3.7     Defendant admits the allegations in Paragraph 3.7 of Plaintiff's Complaint.

4.1     Defendant admits the allegations in Paragraph 4.1 of Plaintiff's Complaint.

4.2     Defendant admits the allegations in Paragraph 4.2 of Plaintiff's Complaint.

4.3     Defendant admits the allegations in Paragraph 4.3 of Plaintiff's Complaint.

4.4     Defendant admits the allegations in Paragraph 4.4 of Plaintiff's Complaint.

4.5     Defendant denies the allegations in Paragraph 4.5 of Plaintiff's Complaint.

4.6     Defendant denies the allegations in Paragraph 4.6 of Plaintiff's Complaint.

4.7     Defendant denies the allegations in Paragraph 4.7 of Plaintiff's Complaint.

4.8     The allegations contained in Paragraph 4.8 of Plaintiff's Complaint recite an interpretation of federal regulations and therefore require no admission or denial by Defendant.

4.9     Defendant denies the allegations in Paragraph 4.9 of Plaintiff's Complaint.

4.10    Defendant denies the allegations in Paragraph 4.10 of Plaintiff's Complaint.

5.1     Defendant denies the allegations in Paragraph 5.1 of Plaintiff's Complaint.

5.2     Defendant admits that Plaintiff and other caregivers were non-exempt. Defendant denies the remaining allegations in Paragraph 5.2 of Plaintiff's Complaint.

5.3     Defendant denies the allegations in Paragraph 5.4 of Plaintiff's Complaint.

5.4     Defendant denies the allegations in Paragraph 5.4 of Plaintiff's Complaint.

5.5     Defendant denies the allegations in Paragraph 5.5 of Plaintiff's Complaint.

5.6     Defendant denies the allegations in Paragraph 5.6 of Plaintiff's Complaint.

5.7     Defendant admits that Plaintiff attempts to bring this action on behalf of "similarly-situate" employees. Defendant denies that this is appropriate.

5.8     Defendant admits that Plaintiff attempts to bring this action as a collective action and that Plaintiff requests that she be appointed the representative Plaintiff. Defendant denies that certification as a collective action is appropriate and denies all remaining allegations contained in Paragraph 5.8 of Plaintiff's Complaint.

6.1     Defendant re-asserts its admissions and denials to Paragraphs 1 through 5, including all subparts.

6.2     Defendant denies the allegations in Paragraph 6.2 of Plaintiff's Complaint.

6.3     Defendant denies the allegations in Paragraph 6.3 of Plaintiff's Complaint.

6.4     Defendant denies the allegations in Paragraph 6.4 of Plaintiff's Complaint.

7       Defendant admits that Plaintiff has demanded a jury trial.

8.1     Defendant denies the allegations in Paragraph 8.1 of Plaintiff's Complaint.

**Affirmative Defenses**

Defendant asserts the following defenses to Plaintiff's claims:

1. Plaintiff fails to state a claim upon which relief can be granted.  Defendant paid Plaintiff all wages, including overtime wages, to which she was entitled.

2. Defendant asserts the good faith defense under 29 USC Section 260.

3. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations to the extent that Plaintiff's or any putative class members seek back wages beyond a two-year limitations period.

4. Without assuming the burden of proof, any violation of the FLSA by Defendant (which is denied) was not willful, and therefore all claims are limited to two year limitations period calculated from the date the named Plaintiff brought suit, or any future plaintiff files his or her written consent to join this action.

5. If Plaintiff is ultimately determined to be entitled wages or other compensation, Defendant is entitled to offset all compensation or funds paid to Plaintiff to which he or she had no entitlement.

6. Plaintiff's claims are barred to the extent that he or she is seeking compensation for time that was not "work" within the meaning of the FLSA.

7. Likewise, Plaintiff's claims are barred to the extent that the activities for which he or she seeks compensation were preliminary, postliminary, or taken for Plaintiff's own convenience.

**Conclusion**

Defendant A Plus Family Care LLC prays that, upon final hearing, Plaintiff take nothing and that Defendant be awarded all relief to which it may be entitled whether in law or in equity.

Respectfully submitted,


/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
Galo Law Firm, P.C.
4230 Gardendale, Bldg 401
San Antonio, Texas 78229
Telephone: (210) 616-9800
Facsimile:  (210) 616-9898
mgalo@galolaw.com
ATTORNEY FOR DEFENDANT
A PLUS FAMILY CARE LLC



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on the following counsel of record through the Court's electronic filing system, in accordance with the Federal Rules of Civil Procedure on this 20th day of November, 2017.

Mr. Chris R. Miltenberger
THE LAW OFFICE OF CHRIS R.
MILTENBERGER, PLLC
1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
**via Electronic Filing System**


/s/ Michael V. Galo, Jr.
MICHAEL V. GALO, JR.